WILLIAM BRIGHAM & another *vs.* DANIEL J. COBURN.

A writ sued out by an assignee of the estate of an insolvent debtor need not aver that he is such under the insolvent laws of the Commonwealth.

The affidavit of a party to a suit, that he has made diligent search for a deed of assignment to him under the insolvent laws, and that it has been lost or mislaid, and is not to his knowledge recorded, is sufficient to allow the introduction of secondary evidence of its contents.

The testimony of the clerk of a commissioner of insolvency, that he drew the assignment of the estate of an insolvent debtor, and kept no copy of it; but that the blank form of a copy produced by him was the same used by the commissioner, and that he has filled it up from minutes on his docket, and believes it to be a correct copy of the assignment, is sufficient to verify the copy.

ACTION OF TORT for the conversion of a gold watch. The plaintiffs described themselves in the writ as "assignees of Stephen G. Bass, an insolvent debtor."

The answer denied all the plaintiffs' allegations; and also contained a demurrer to the declaration, for the reason "that it did not state that the plaintiffs were the assignees of said Bass
28*

under the insolvent law of 1838 and the statutes in amendment
thereto, or otherwise."

In the superior court of Suffolk at March term 1856, *Nelson*,
C. J. overruled the demurrer, and ordered the trial to proceed,
and the further proceedings were stated in the bill of exceptions
thus :

" The plaintiffs filed an affidavit of one of the plaintiffs, that
he had made diligent search for a deed of assignment, and that
it was lost or mislaid, and that it was not, to his knowledge,
recorded in the registry of deeds. The defendant objected that
this affidavit was not sufficient to enable the plaintiffs to prove
the contents of said deed by secondary evidence. But the pre-
siding judge overruled the objection.

" The plaintiffs then called the clerk of Francis Hilliard, Esq.,
commissioner of insolvency, who testified that he drew the
assignment in the case of said Bass ; that he kept no copy of
said assignment. He then produced a copy of a deed of assign-
ment, and testified that the blank form in which it was made
was the same used by Mr. Hilliard, and that the witness had,
since the commencement of the trial of this case, filled it up
from certain minutes on the docket kept by him of the proceed-
ings in the case of said Bass, and that he believed it to be a
correct copy of said assignment. The plaintiffs then offered to
put this alleged copy into the case. This was objected to by
the defendant. But the objection was overruled by the presid-
ing judge."

The jury returned a verdict for the plaintiffs, and the defend-
ant appealed from the judgment upon his demurrer, and ex-
cepted to the other rulings.

*J. G. King*, for the defendant.

*W. Brigham*, for the plaintiffs.

METCALF, J. The demurrer in this case was rightly overruled
by the superior court. The only cause assigned for it is the
omission of the plaintiffs to describe themselves as assignees
under the insolvent laws. They describe themselves as " as-
signees of Stephen G. Bass, an insolvent debtor." But no
assignee of a debtor's property can maintain an action, as

assignee, unless he has been appointed under the insolvent laws, and has received an assignment of the debtor's property, under those laws. Nor can any administrator maintain an action, as administrator, unless he has been appointed by the right judge of probate, and has given bond to perform his trust. *Langdon* v. *Potter*, 11 Mass. 314. *Davis* v. *Davis*, 2 Cush. 113. Yet he does not and need not aver, in a declaration, that he was appointed by the rightful authority, or has qualified himself by giving bond. 11 Mass. 314. By describing himself as administrator, he is understood to describe himself as a lawfully authorized and qualified administrator, without an averment that he is such. And if his authority is not admitted, he must prove it, or fail in his suit. So, as it seems to us, when an assignee of an insolvent debtor sues as such, it is to be understood, without his so averring, that he is assignee under the insolvent laws, (by which alone he is enabled to sue,) and has received, from the commissioner or judge of insolvency, an assignment of the debtor's property; and that it is sufficient for the maintenance of the action, if he prove his qualifications, when they are not admitted. See 7 B. & C. 406.

In strict legal accuracy, the plaintiffs should have termed themselves assignees, not of Bass, but of his estate; as an administrator should term himself administrator, not of the deceased intestate, but of his estate. Whether, if this too common inaccuracy had been specially pointed out as a demurrable defect in the declaration, the demurrer ought to have been sustained, we have not inquired. As it was not thus pointed out, we must disregard it. *St.* 1852, *c.* 312, § 21.

The first ground of exception taken to the proceedings at the trial is the admission of secondary evidence of the deed of assignment to the plaintiffs, upon the affidavit of one of them as to the loss of that deed.

The law requires, as preliminary to the reception of secondary evidence of a document, only such proof as induces a legal presumption of the loss of that document. And this question of legal presumption must often be addressed to the discretion of the judge before whom the trial is had. 1 Greenl. Ev. § 558.

The affidavit in this case has not been exhibited to us ; and we cannot perceive, from the general statement of its contents, as set forth in the exceptions, that it did not raise a reasonable and legal presumption of the loss of the deed, according to the established rules of evidence. The question, what is due inquiry for a deed or other document, in order to admit secondary evidence of it, must be decided upon the particular circumstances of the case in which that question arises. *Miller* v. *Miller*, 1 Hodges, 187. 2 Phil. Ev. (N. Y. ed. 1849,) 229, 230. " In ordinary cases," says Mr. Baron Alderson, " you do not make search as for stolen goods. The court must be reasonably satisfied that due diligence has been used ; it is not necessary to negative every possibility — it is enough to negative every reasonable probability — of anything being kept back." *M' Gahey* v. *Alston*, 2 M. & W. 214. Upon the circumstances of the case before us, we cannot decide that secondary evidence was wrongly admitted. The case of *Page* v. *Page*, 15 Pick. 374, shows that the affidavit of the other assignee and plaintiff was not indispensable to the admission of such evidence.

The next exception is to the competency and sufficiency of the secondary evidence which was admitted. But we think it was both competent and sufficient. The effect of that evidence was, that a deed of assignment of Bass's property was made to the plaintiffs, by the commissioner of insolvency, in the form of that which the witness exhibited as a copy. The correctness of that form has not been questioned by the defendant.

*Demurrer and exceptions overruled.*